UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL EYMARD, ET AL.                                CIVIL ACTION

VERSUS                                                NO: 13-203

ROBERT DOUGLAS PARKER                                 SECTION: "H"(1)

ORDER AND REASONS

Before the Court is an Unopposed Motion to Remand. (R. Doc. 8.) For the following reasons, the Motion is GRANTED and the above-captioned matter is hereby REMANDED to State court.

BACKGROUND

Plaintiffs filed a Petition for Damages in the 17th Judicial District for the Parish of Lafourche on November 28, 2012. Defendant Robert Parker was personally served with the Petition on December 3, 2012. On February 2, 2013, Defendant filed a Notice of Removal with this Court. (R.

1

Doc. 1.) On March 1, 2013, Plaintiffs filed a Motion to Remand. Plaintiffs allege, *inter alia*, that Defendant's Notice of Removal was untimely and therefore procedurally defective. Defendant does not oppose the Motion.

## LAW AND ANALYSIS

On a motion to remand, the removing party bears the burden of showing that removal was proper. *Barker v. Hercules Offshore, Inc.*, 706 F.3d 680, 684–85 (5th Cir. 2013) (citations omitted). Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "The untimeliness of a removal petition is a ground for remand that is authorized under Section 1447(c)." *BEPCO, L.P. v. Sante Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted). A notice of removal is untimely if it is filed more than 30 days after receipt by the defendant of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

Defendant had 30 days from the date he was served with the State court Petition—December 3, 2012—to file timely a notice of removal. Since the notice was not filed until

2

February 2, 2013, removal was improper. Plaintiffs filed the instant Motion within 30 days of Defendant's Notice of Removal and have therefore timely raised this procedural defect. Accordingly, remand is required.

## CONCLUSION

For the reasons previously stated, the Motion to Remand is GRANTED and the above-captioned matter is hereby REMANDED to State court.

New Orleans, Louisiana, this 28th day of March, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**